MAES, Justice (specially concurring). {27} I concur in the majority opinion. I write separately, however, because I disagree with the majority that “[t]he mere fact that the child normally resided in the home is insufficient” to prove that the child was permitted “to enter or remain” in the home pursuant to NMSA 1978, Section 30-6-1 (F) (2004, prior to amendments in 2005). I believe that, absent evidence to the contrary, it is reasonable to infer that a ten-year-old child sleeps in his primary residence and, therefore, the evidence in the present case was sufficient to prove that Defendant permitted the child to enter or remain in the home on the night of August 10, 2004. Nonetheless, for the reasons explained in the majority opinion, the evidence was insufficient to prove that the chemicals or equipment subsequently found in the home on the morning of August 12 posed a risk of danger to the child’s life or health approximately two days earlier, on the night of August 10. As aptly stated by the majority, “in the case at bar, the likelihood that a hazardous activity probably took place in the house at some time is not sufficient to prove Defendant guilty of allowing her child to be present while it took place.” Accordingly, the evidence was insufficient to support Defendant’s conviction of negligently permitting child abuse contrary to Section 30-6-1 (D).